## Joseph Damiani et al., Executors, Defendants in Error, v. Theodore Proulx, Plaintiff in Error.

### Gen. No. 20,491.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

### Statement of the Case.

Suit by Joseph Damiani, Frank De Trana and Alexander De Trana, executors of the last will and testament of Joseph De Trana, deceased, against Theodore Proulx, to recover upon a promissory note executed by defendant, payable to the order of the said Joseph De Trana, now deceased. The statement of claim set forth that plaintiffs were the executors of the last will and testament of the said Joseph De Trana, deceased, duly appointed by the Probate Court of Cook county. It also set out the note in full, a copy of which was attached to and made a part thereof. To this statement of claim defendant, who is an attorney of law, filed an affidavit of merits wherein he did not deny the execution of the said note, but claimed to have paid on said note the sum of $50; and further, that there was due him from the said De Trana, by reason of legal services rendered and disbursements advanced, the sum of $199. Also, on the same date defendant filed a "statement and affidavit of claim on set-off," which was but a repetition of his affidavit of merits.

No affidavit of merits was filed by the plaintiffs to this statement and affidavit of claim on set-off.

On the trial below, before the court without a jury, the court found the issues against the defendant and assessed the plaintiffs' damages in the sum of $359.10, and judgment for said amount was entered thereon, to reverse which the defendant has sued out this writ of error.

Damiani v. Proulx, 195 Ill. App. 154.

CYRUS J. WOOD, for plaintiff in error.

FLYNN & LYON, for defendants in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 95*—*when evidence of witness incompetent.* In a suit by an executor on a promissory note payable to a deceased person, testimony of the defendant that he had paid part of the note to deceased was incompetent under Hurd's Rev. St. 1911, ch. 51, sec. 2 (J. & A. ¶ 5519), defendant being an adverse witness on his own behalf.

2. EXECUTORS AND ADMINISTRATORS, § 227*—*when presentation of claim necessary.* In a suit by an executor on a promissory note payable to a deceased person, evidence of the defendant that he had rendered legal service to the deceased was properly excluded, since before a claim for services could be set off, the claim of defendant should have been presented to the Probate Court for allowance.

3. APPEAL AND ERROR, § 452*—*what must be proved at trial.* The Appellate Court cannot take judicial notice of rules of the Municipal Court.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*what is effect of appearance and affidavit of merits.* In a suit by an executor on a promissory note payable to a deceased person, where the defendant entered his appearance and filed an affidavit of merits and a statement and affidavit of claim on set-off, such appearance was in the nature of a plea of general issue, and the affidavit of merits and plea of set-off constituted notice of his defense.

5. EXECUTORS AND ADMINISTRATORS, § 303*—*when capacity of executor to sue not put in issue.* In a suit on a promissory note by an executor, where the defendant in his statement and affidavit of claim on set-off did not deny that plaintiffs had been appointed executors, such representative character of the plaintiffs was not put in issue but was admitted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.